FILED
 2007 Aug-08  AM 11:14
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTHONY T. LEE,** *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     Plaintiff-Intervenor and, | ) | **CIVIL ACTION NO. CV-70-VEH-** |
|     Amicus Curiae, | ) | **251-S** |
| | ) | |
| v. | ) | |
| | ) | |
| **MACON COUNTY BOARD OF** | ) | **CITY OF VESTAVIA HILLS** |
| **EDUCATION, et al.,** | ) | **SCHOOL SYSTEM** |
|     Defendants. | ) | **Case No.: 2:06-MC-2265-VEH** |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The settling parties (private Plaintiffs and Defendants) have requested preliminary approval of their Agreement from the Court so that (1) the Defendants may arrange for publication of notice to members of the plaintiff Class of the terms of the settlement (including the fact that they have asked the Court to dismiss this action subject only to its retention of jurisdiction for the purpose of enforcing the terms of the Settlement Agreement, should that ever become necessary); (2) the Court may set an appropriate period of time within which class members may submit comments upon or objections to the proposed settlement, if any, and indicate whether they intend to appear and speak at a fairness hearing to be scheduled by the Court on the proposed settlement; and (3) the Court may set a date for such a fairness hearing,

and thereafter rule on the question whether the Settlement Agreement meets applicable legal standards for terminating a class action lawsuit.

By separate Order entered today, the Court has preliminarily approved the Settlement.

"Before addressing the merits of approving a "consent decree, the court must insure that all interested parties were informed of the . . . settlement and had the opportunity to voice their objections. Rule 23(e) of the Federal Rules of Civil Procedure[] requires that class members be notified of the settlement." *Allen v. Alabama State Bd. of Educ.*, 190 F.R.D. 602, 606 (M.D. Ala. 2000).

Preliminary approval of a class action settlement agreement and proposed notice procedures is primarily aimed at insuring the adequacy of proposed notice to the class. *See*, *e.g.*, Order Regarding State-Wide Special Education Issue, *Lee v. Lee County Bd. of Educ.*, Civ. Nos. 3:70cv845-MHT *et al.* (M.D. Ala. Nov. 16, 2006). It also provides an opportunity for the Court to review the provisions of a proposed Settlement to assure that there are no provisions that on their face would cause the Court to disapprove the parties' agreement, in which case there is no reason for notice to be given and a fairness hearing to be scheduled. *See Nilsen v. York County*, 228 F.R.D. 60, 61-62 (D. Me. 2005) ("The parties also request that I dispense with the second opportunity to request exclusion that Federal Rule of Civil Procedure 23(e)(3)

provides" [in actions certified under Rule 23(b)(3), unlike the present (b)(2) action]. . . . Several elements of the proposed settlement here counsel a new opportunity to request exclusion. . . . I will therefore refuse to approve the settlement (and will not direct class-wide notice) unless the settlement agreement affords a new opportunity for exclusion as provided for in Rule 23(e)(3).")  There are no such problems with the parties' Settlement Agreement.

As noted in the Motion to Approve Settlement, at 3 n.2, *doc. 16,* the settling parties have informed the Court that, if preliminary approval is granted, the school system will make tuition slots available in accordance with the terms of the Settlement Agreement (as revised by the Court in consultation with counsel for the settling parties) for the current school year.  This limited implementation of the Agreement will be done in a manner that holds members of the class harmless, in this sense: should the Court for any reason not grant final approval after a fairness hearing, the Board will promptly refund tuition payments for the 2007-08 school year that may have been made pursuant to the procedures set forth in the Settlement Agreement, while allowing any students accepted under the tuition procedure to remain enrolled in the City of Vestavia Hills School System.

For this reason, the Court will grant preliminary approval of the Settlement Agreement.  This preliminary approval does not commit the Court to any ultimate

determination with respect to the adequacy of the proposed settlement.  Rather, the Court is "determining simply whether the proposed settlement agreement deserves consideration by the class and whether the notice is appropriate . . . reserv[ing] all determinations of the proposed settlement's fairness, reasonableness and adequacy until [after the Fairness Hearing]", *Nilsen v. York County*, 228 F.R.D. at 62.  Following the publication of notice and the receipt of Objections, if any, and the conduct of the Fairness Hearing, the settling parties will have three weeks to jointly submit proposed Findings of Fact and Conclusions of Law addressing the legal standards for approving settlements.  The Court may also specifically require the parties to respond to particular comments or objections, depending on the nature of comments and objections that are yet to be received. See Order Regarding State-Wide Special Education Issue, *Lee v. Lee County Bd. of Educ.*, Civ. Nos. 3:70cv845-MHT *et al.* (M.D. Ala. Dec. 11, 2006)(requiring the parties to respond to a particular objection; following the parties' response, and after the Fairness Hearing, the Objection was withdrawn and the Court made a finding of unitary status).

At the Fairness Hearing, the settling parties must show the Court that the settlement is "fair, adequate, reasonable, and not the product of collusion," *Leverso v. Southtrust Bank of Alabama*, 18 F.3d 1527, 1530 (11th Cir. 1994), *cited in Allen v. Alabama State Bd. of Educ.*, 190 F.R.D. at 607.

> Determining the fairness of the settlement is left to the sound discretion of the trial court and we will not overturn the court's decision absent a clear showing of abuse of that discretion. *See In re Chicken Antitrust Litigation American Poultry*, 669 F.2d 228, 238 (5th Cir. Unit B 1982) [footnote omitted]; *In re Corrugated Container Antitrust Litigation (Container II)*, 643 F.2d 195, 207 (5th Cir. Unit B 1981), *cert. denied sub nom. CFS Continental, Inc. v. Adams Extract Company*, 456 U.S. 998, 102 S. Ct. 2283, 73 L. Ed. 2d 1294 (1982). 456 U.S. 998 (1981). In addition, our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement. *See United States v. City of Miami*, 614 F.2d 1322, 1344 (5th Cir.1980).

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Consequently, the Court does not make a finding on that point today. However, the Court does take note of the affidavits submitted by Norman Chachkin, one of counsel for the private Plaintiffs, and by Dorman Walker, one of counsel for the Vestavia Board. The attachments to these affidavits demonstrate the extensive and detailed discovery that was conducted by the private Plaintiffs and the United States, which tends to indicate that the Settlement Agreement negotiations were conducted on an appropriately informed basis. In addition, the Court also takes note that the settling parties' respective counsel have experience in civil rights class actions, and of their separate representations that the Settlement Agreement is the product of arms-length negotiations.

    The City of Vestavia Hills Board of Education is hereby **ORDERED** to publish and/or deliver notice of the Settlement, the opportunity to comment or object, and the fairness hearing in the manner and to the persons specified in the attached Notice.

**DONE** and **ORDERED** this the 8th day of August, 2007.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge